# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# EASTERN DIVISION

KENNETH RYAN WEST,

    Petitioner,

v.

WARDEN, WARREN CORRECTIONAL INSTITUTION,

    Respondent.

CASE NO. 2:18-CV-336
CHIEF JUDGE EDMUND A. SARGUS, JR.
Magistrate Judge Elizabeth Preston Deavers

## ORDER and REPORT AND RECOMMENDATION

Petitioner, a state prisoner, filed a pro se petition for a writ of habeas corpus under 28 U.S.C. § 2254. (ECF No. 1.) Petitioner seeks release from confinement pursuant to a state court judgment in a criminal action. This case has been referred to the Undersigned pursuant to 28 U.S.C § 636(b) and Columbus' General Order 14-1 regarding assignments and references to United States Magistrate Judges. Petitioner also moves to proceed with this action *in forma pauperis*. (ECF No. 2.) The Court finds that Petitioner's motion is meritorious, and thus, the motion is **GRANTED**. Petitioner shall be permitted to prosecute this action without prepayment of fees or costs and judicial officers who render services in this action will do so as if costs had been prepaid.

Pursuant to Rule 4 of the Rules Governing Section 2254 Cases in the United States District Court ("Rule 4"), this Court must conduct a preliminary review to determine whether "it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court . . . ." Rule 4. If it does so appear, the petition must be dismissed. *Id*. Rule 4 allows for the dismissal of petitions which raise legally frivolous claims, as well as

petitions that contain factual allegations that are palpably incredible or false. *Carson v. Burke*, 178 F.3d 434, 436–37 (6th Cir. 1999). For the reasons that follow, it plainly appears Petitioner is not entitled to relief because his claims are time-barred. Accordingly, the Undersigned **RECOMMENDS** that this action be **DISMISSED**.

### Facts and Procedural Background

On July 30, 2015, Petitioner was tried and convicted of one count of robbery in the Court of Common Pleas for Muskingham County, Ohio. *State v. West*, No. CT2015-0050, 2016 WL 3961995, at * 1 (Ohio Ct. App. July 18, 2016). On September 8, 2015, Petitioner was sentenced to an aggregated term of 13 years for robbery with a Repeat Violent Offender specification. *Id*. On direct appeal, Petitioner alleged that the trial court erred by failing to suppress evidence obtained by a police officer during a warrantless stop of his vehicle because the officer lacked a reasonable, articulable suspicion to justify the stop. *Id*. at * 2. On July 18, 2016, the state appellate court overruled that single assignment of error and affirmed the trial court's judgment. Id. at *2−5.

Petitioner did not timely appeal that determination to the Ohio Supreme Court. The on-line docket for the Muskingham County Clerk of Court indicates, however, that on December 1, 2016, Petitioner moved to re-open his appeal pursuant to Rule 26(B) of the Ohio Rules of Appellate Procedure. The appellate court denied Petitioner's Rule 26(B) motion on January 9, 2017.[1] Petitioner did timely appeal that determination to the Ohio Supreme Court either. Instead, the on-line docket for the Ohio Supreme Court indicates that on July 25, 2017, Petitioner executed a motion to file a delayed appeal in the Ohio Supreme Court pursuant to Rule 7.01(A)(4)(a). The Ohio Supreme Court denied Petitioner's motion for a delayed appeal on

---

[1] The docket does not indicate why the Rule 26(b) motion was denied.

September 27, 2017. *State v. West*, 150 Ohio St. 3d 1441 (2017). Petitioner executed his federal habeas corpus petition on April 7, 2018.

**Law and Analysis**

The Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA) imposes a one-year statute of limitations on the filing of habeas corpus petitions. 28 U.S. C. § 2244(d) provides:

> (1) A 1–year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of—
>
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
> (2) The time during which a properly filed application for State postconviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

The trial court's judgment was affirmed by the appellate court on July 18, 2016. Pursuant to § 2244(d)(1)(A), Petitioner's judgment of conviction became final on September 1, 2016, *i.e.*, forty-five days after the state appellate court affirmed the trial court's judgment, and when the time to file a timely appeal of that determination with the Ohio Supreme Court expired. The statute of limitations began running the next day, on September 2, 2016.

Ninety days later, on December 1, 2016, Petitioner filed a Rule 26(B) motion seeking to reopen his direct appeal. It appears that the Rule 26(B) motion was untimely because it was filed

3

136 days after the appellate court's July 18, 2016 determination. *See* Oh.R.App.Proc. 26(B)(1) ("An application for reopening shall be filed in the court of appeals where the appeal was decided within ninety days from the journalization of the appellate judgment unless the applicant shows good cause for filing at a later time.") Accordingly, the Rule 26(B) motion presumably did not toll the statute of limitations under § 2244(d)(2) because only a "properly filed" application for postconviction relief or collateral review can stop the clock, and "a state post-conviction petition rejected by the state court as untimely is not 'properly filed' within the meaning of § 2244(d)(2)." *Allen v. Siebert*, 552 U.S. 3, 4 (2007); *Pace v. DiGuglielmo*, 544 U.S. 408, 417 (2005) ("time limits, no matter their form, are 'filing' conditions, and a state postconviction petition is therefore not 'properly filed' if it was rejected by the state court as untimely"). Nevertheless, because the appellate court's on-line docket does not indicate why the Rule 26(b) motion was denied, for purposes of this analysis, and construing all ambiguities in Petitioner's favor, the Undersigned assumes that the statute of limitations was tolled while that motion was pending.

Assuming such tolling, the statute of limitations began running again when the appellate court denied the Rule 26(B) motion on January 9, 2017, and it continued running for 197 days, or until July 25, 2017, when Petitioner filed a motion for a delayed appeal in the Ohio Supreme Court. The statute of limitations was again tolled while that motion was pending, and it began running again when the Ohio Supreme Court denied the motion on September 27, 2017. At that point, Petitioner had 78 days, or until December 14, 2017, to execute a timely federal habeas corpus petition. The petition was not, however, executed until April 7, 2018. Therefore, the petition is untimely.

Further, the petition fails to allege facts demonstrating that equitable tolling is warranted. A petitioner is entitled to equitable tolling only if he shows: "1) that he has been pursuing his rights diligently, and 2) that some extraordinary circumstances stood in his way" and prevented timely filing. *Holland v. Florida*, 560 U.S. 631, 648 (2010). "Petitioner bears the burden of persuading the court that he or she is entitled to equitable tolling." *McClendon v. Sherman*, 329 F.3d 490, 494 (6th Cir. 2003). Equitable tolling is applied only sparingly. *Hall v. Warden, Lebanon Corr. Inst.*, 662 F.3d 745, 750 (6th Cir. 2011) (citing *Robertson v. Simpson*, 624 F.3d 781, 783 (6th Cir. 2010)).

The petition does not allege that Petitioner diligently pursued his rights. Nor does the petition allege that some extraordinary circumstance stood in Petitioner's way and prevented timely filing. Petitioner alleges that he "was waiting for a reply communication from appellate attorney, which he never did, and then [Petitioner] had to attempt studying the law in order to attempt filing [himself]." (ECF No. 1, at PAGE ID # 13.) Nevertheless, a prisoner's *pro se* incarcerated status, lack of knowledge regarding the law, and limited access to the prison's law library or to legal materials do not provide a sufficient justification to apply equitable tolling of the statute of limitations. *Hall*, 662 F.3d at 751 (6th Cir. 2011) (citation omitted); *Keeling v. Warden, Lebanon Corr. Inst.*, 673 F.3d 452, 464 (6th Cir. 2012). These conditions are typical for many prisoners and simply do not constitute exceptional circumstances. *Adams v. Chillicothe Corr. Inst.*, No. 2:16-CV-563, 2016 WL 4442826, at *2 (S.D. Ohio Aug. 22, 2016.) Moreover, Petitioner filed his motion for a delayed appeal in the Ohio Supreme Court *pro se*. Thus, he cannot credibly claim that he was waiting to hear from counsel about the resolution of that motion. When the Ohio Supreme Court denied that motion, Petitioner still had 78 days to

execute a timely petition. Petitioner alleges no explanation as to why he waited to execute his petition or facts that justify equitable tolling.

## Recommended Disposition

**WHEREUPON**, the Undersigned **RECOMMENDS** that this action be **DISMISSED.**

## Procedure on Objections

If any party objects to this Report and Recommendation, that party may, within fourteen days of the date of this Report, file and serve on all parties written objections to those specific proposed findings or recommendations to which objection is made, together with supporting authority for the objection(s). A district judge of this Court shall make a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made. Upon proper objections, a district judge of this Court may accept, reject, or modify, in whole or in part, the findings or recommendations made herein, may receive further evidence or may recommit this matter to the magistrate judge with instructions. 28 U.S.C. 636(B)(1).

The parties are specifically advised that failure to object to the Report and Recommendation will result in a waiver of the right to have the district judge review the Report and Recommendation *de novo,* and also operates as a waiver of the right to appeal the decision of the District Court adopting the Report and Recommendation. *See Thomas v. Arn,* 474 U.S. 140 (1985); *United States v. Walters,* 638 F.2d 947 (6th Cir. 1981).

**IT IS SO ORDERED.**

**DATE: July 20, 2018**             s/ *Elizabeth A. Preston Deavers*
                                                                 Elizabeth A. Preston Deavers
                                                                 United States Magistrate Judge