IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

KENNETH RYAN WEST,

    Petitioner,

v.

WARDEN WARREN CORECTIONAL
INSTITUION,

    Respondent.

Case No. 2:18-CV-336
CHIEF JUDGE EDMUND A. SARGUS, JR.
Magistrate Judge Elizabeth P. Deavers

## OPINION AND ORDER

On September 10, 2018, the Magistrate Judge issued a *Report and Recommendation* ("R&R") recommending that this action be dismissed pursuant to Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts because the petition is barred by the one–year statute of limitations found in 28 U.S.C. § 2244(d). (ECF No. 3.) Petitioner filed an *Objection* to the R&R. (ECF No. 4.) Pursuant to 28 U.S.C. § 636(b), this Court has conducted a *de novo* review. For the reasons that follow, the R&R (ECF No. 3) is **ADOPTED** and **AFFIRMED**. This action is hereby **DISMISSED**.

The Court **DECLINES** to issue a certificate of appealability ("COA")

On July 30, 2015, Petitioner was convicted of one count of robbery after a jury trial in the Court of Common Pleas for Muskingham County, Ohio. Petitioner, represented by new counsel, filed a direct appeal, asserting that the trial court erred when it failed to suppress evidence obtained during a warrantless stop of his vehicle. The state appellate court overruled that assignment of error and affirmed the trial court's determination on July 18, 2016. Petitioner did not file a timely appeal of that determination to the Ohio Supreme Court. Instead, 136 days later,

on December 1, 2016, Petitioner filed an untimely motion to reopen his appeal under Ohio Rule of Appellate Procedure 26(B), asserting that he received ineffective assistance of appellate counsel. That Rule 26(B) motion was denied on January 9, 2017. Petitioner subsequently filed a motion for a delayed appeal in the Ohio Supreme Court on July 25, 2017, and apparently alleged ineffective assistance of trial counsel. That motion was denied on September 27, 2017.[1] Petitioner executed his petition for federal habeas relief on April 7, 2018, alleging that his Fourth Amendment rights had been violated as a result of the trial court's suppression determination and that he had received ineffective assistance of trial counsel.

The Magistrate Judge correctly determined that Petitioner's convictions became final on September 1, 2016, when the time to file a timely appeal to the Ohio Supreme Court expired, and that the one–year statute of limitations began running the next day. *See* Ohio S. Ct. Prac. R. 7.01(A)(1)(a)(i) (providing forty–five days to file a jurisdictional appeal). The Magistrate Judge also correctly explained that it is not clear if the state court of appeals denied Petitioner's Rule 26(B) motion because it was untimely, and therefore the Court cannot determine if the motion was not "properly filed" and thus it did not toll the running of the one–year period. The Magistrate Judge correctly reasoned, however, that even if the Rule 26(B) motion was "properly filed" and thus did toll the one–year period while it was pending, that period would have nevertheless expired on December 14, 2017. Therefore, the Magistrate Judge correctly concluded that even when such doubts are resolved in Petitioner's favor, his April 7, 2018, petition is untimely.

---

[1] Because the Ohio Supreme Court denied Petitioner's motion for delayed appeal, his claims might also be procedurally barred. *See Stone v. Ohio*, Case No. 16–3126, 2017 WL 3594952, at *2 (6th Cir. April 19, 2017) ("The Ohio Supreme Court's denial of a motion for delayed appeal is an adequate and independent state–law ground barring federal habeas review"). Because the claims in the petition are, in any event, time–barred, the Court need not resolve that issue.

Petitioner does not challenge the Magistrate Judge's timeliness analysis. He does, however, contend that he is entitled to equitable tolling. A habeas petitioner is entitled to equitable tolling "only if he shows (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way and prevented timely filing." *Holland v. Florida,* 560 U.S. 631, 649 (2010). Petitioner alleges that an extraordinary circumstance prevented his timely filing because he was placed in segregation on two occasions and "separated from his legal work" and "away from any Prison Law Clerk" during those periods. (ECF No. 4, at PAGE ID # 4.) Nevertheless, "[c]ourts have consistently held that general allegations of placement in segregation and lack of access to legal materials are not exceptional circumstances warranting equitable tolling, especially where a petitioner does not sufficiently explain why the circumstances he describes prevented him from timely filing a habeas petition." *Andrews v. United States,* Case No. 17–1693, 2017 WL 6376401, at * 2 (6th Cir. Dec. 12, 2017) (citing *Paulcin v. McDonough,* 259 Fed. App'x. 211, 213 (11th Cir. 2007) and *United States v. Fredette,* 191 Fed. App'x. 711, 713 (10th Cir. 2006)). In this case, Petitioner does not indicate when he was placed in segregation, how long he was there, or why he was unable to timely file his petition during periods when he was not in segregation. In addition, the Sixth Circuit Court of Appeals has held that rarely will segregation constitute an exceptional circumstance, and then only when it is combined with multiple other circumstances such as limited literacy, medical conditions, and transfers between facilities. *See Jones v. United States,* 689 F.3d 621, 627–28 (6th Cir. 2012) (finding equitable tolling for three months was warranted where the combination of ignorance, *pro se* status, limited literacy, a series of transfers between facilities that deprived the petitioner of his legal materials, and a variety of medical conditions including seizures constituted an extraordinary circumstance). Petitioner alleges no such combination of factors

3

that might, when combined with his segregation, constitute an extraordinary circumstance. For these reasons, the Court finds that the Magistrate Judge correctly concluded that the petition is time–barred.

The Court further notes that even if the petition was timely, Petitioner cannot obtain habeas relief on his Fourth Amendment claim absent a showing that he was denied a "full and fair opportunity to litigate his Fourth Amendment claim in state court." *Henderson v. Wainwright,* Case No. No. 17–3948, 2018 WL, at *3 (6th Cir. Feb 26, 2018) (citing *Stone v. Powell,* 428 U.S. 465, 482 (1976)). The Sixth Circuit has held that Ohio provides a mechanism—Rule 12(C)(3)—that allows a criminal defendant to litigate Fourth Amendment claims, and Petitioner does not allege that this mechanism failed. *Id.* (citing *Machacek v. Hofbauer,* 213 F.3d 947, 952 (6th Cir. 2000) (quoting *Riley v. Gray,* 674 F.2d 522, 526 (6th Cir. 1982)). Instead, Petitioner contends that the trial court reached the wrong result on the suppression determination. Such a claim is not, however, cognizable in a federal habeas action. *Hillman v. Beightler,* Case No. 5:09–CV–2538, 2010 WL 2232635, at *5 (N.D. Ohio May 26, 2010) (citing *Cabrera v. Hinsley,* 324 F.3d 527, 531– 32 (7th Cir. 2003) (explaining that a full and fair opportunity to litigate guarantees the right to present a case, but it does not guarantee a correct result). For these reasons, the R&R is **ADOPTED** and **AFFIRMED**.

Pursuant to Rule 11 of the Rules Governing Section 2254 Cases in the United States District Courts, the Court now considers whether to issue a COA. "In contrast to an ordinary civil litigant, a state prisoner who seeks a writ of habeas corpus in federal court holds no automatic right to appeal from an adverse decision by a district court," and can instead appeal only if the court issues a COA. *Jordan v. Fisher,* — U.S. —, —, 135 S. Ct. 2647, 2650 (2015); 28 U.S.C. § 2253(c)(1)(A) (requiring a habeas petitioner to obtain a COA in order to appeal).

4

When a claim has been denied on the merits, a COA may be issued only if the petitioner "has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). To make a substantial showing of the denial of a constitutional right, a petitioner must show "that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were 'adequate to deserve encouragement to proceed further.'" *Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (quoting *Barefoot v. Estelle*, 463 U.S. 880, 893, n.4 (1983)). When a claim has been denied on procedural grounds, a certificate of appealability may be issued if the petitioner establishes that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling. *Id.*

The Court is not persuaded that reasonable jurists would find it debatable that the petition is time–barred. The Court, therefore, **DECLINES** to issue a certificate of appealability.

**IT IS SO ORDERED.**

10-26-2018
**DATE**

**EDMUND A. SARGUS, JR.
CHIEF UNITED STATES DISTRICT JUDGE**